IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK ANDREW PIERCE,

Petitioner, No. CIV S-06-1622 FCD GGH P

vs.

DARREL ADAMS, Warden, FINDINGS AND RECOMMENDATIONS

Respondent.

________________________________/

Introduction

Petitioner, a state prisoner proceeding with appointed counsel, has filed a petition pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Sacramento County Superior Court of one count of continuous sexual abuse of a child (Cal. Penal Code § 288.5); five counts of forcible lewd and lascivious conduct with a child under fourteen (Cal. Penal Code § 288(b)); six counts of forcible oral copulation (Cal. Penal Code § 288a(c)(2)); six counts of lewd and lascivious conduct with a child 14-15 years of age, by person more than ten years older (Cal. Penal Code § 288(c)(2)), a total of eighteen counts, for which he was sentenced to a state prison term of 110 years and four months. First Amended Petition (FAP), p. 2.

Petitioner challenges his conviction on the following grounds: 1) petitioner's Sixth Amendment right to confrontation and cross-examination and his Fourteenth Amendment

right to due process were violated when the prosecution (in the California case) was permitted to elicit hearsay evidence that the jurors in petitioner's North Carolina trial believed all of Susan's (the victim's) testimony even though they acquitted petitioner on three counts; 2) due process violation under the Fourteenth Amendment occurred when trial court allowed prosecution to introduce evidence that petitioner's own sister had been sexually abused by their stepfather, suggesting to the jury that child molestation ran in petitioner's family; 3) violation of petitioner's constitutional right to a jury trial, under the Sixth and Fourteenth Amendments, when trial court increased his maximum sentencing exposure by relying on facts neither found by the jury beyond a reasonable doubt, nor admitted by petitioner; 4) ineffective assistance of counsel in violation of petitioner's Sixth and Fourteenth Amendment rights in the California trial and appeal proceedings because his trial attorney failed to object to the admission of the evidence concerning the North Carolina jurors based on Cal. Evid. Code § 1150 (see claim 1), and his appellate attorney failed to raise the trial attorney's dereliction as ineffective assistance of counsel in the appeal.

Pending before the court is petitioner's motion to stay this matter, pending exhaustion of claim 4, the ineffective assistance of counsel claim regarding the failure of petitioner's trial counsel to object to the admission of evidence concerning the North Carolina jurors based on Cal. Evid. Code § 1150, and the appellate attorney's ineffective assistance in failing to raise such a claim on appeal. Respondent has opposed the motion. A hearing on the motion was held on January 18, 2007. Philip Brooks appeared for petitioner; Todd Marshall represented respondent.

As noted in this court's order, filed on August 7, 2008, at the hearing in January, 2007, the undersigned directed petitioner to file a state supreme court petition raising the claim at issue forthwith and, following the state supreme court's decision, to immediately inform this court of the state court's decision. In the order just referenced, the court observed that there had been no subsequent filing regarding the status of petitioner's efforts to exhaust claim 4, and

directed petitioner to inform the court of the status of any such effort within five calendar days. Petitioner responded the following day, on August 8, 2007, stating that a petition raising the claim at issue was filed on March 9, 2007, and that, as yet, no decision had been filed by the state supreme court.

At the hearing, the court did not reach the merits of the motion, on the basis that this case had been filed fairly recently and that petitioner might be able to exhaust claim 4 through the state supreme court with some speed, precluding the necessity of a ruling on the pending motion. The undersigned would have strongly preferred that petitioner had filed the state supreme court exhaustion petition prior to the January 18, 2007, hearing and, certainly, at the latest, immediately thereafter. However, filing it within less than two months of the hearing is not so unreasonable as to indicate intentional dilatoriness.

In Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005), relied on by both parties, the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78, 125 S. Ct. at 1535.

Respondent argues first that petitioner had failed to file an amended petition in compliance with the court's order, filed on October 6, 2006, setting forth the exhausted and unexhausted claims but instead had only filed a motion to stay. Opposition (Opp.), p. 22.[1] Although respondent is correct that petitioner should have filed the first amended petition, setting forth both exhausted and unexhausted claims along with the motion to stay, per the 10/06/06, order, respondent's argument that the United States Supreme Court only contemplated the stay and abeyance of a mixed petition is not well-taken. Prior to the decision in Rhines, this circuit,

[1] The undersigned references the pagination of the court's electronic docketing system.

citing Supreme Court authority *required* that only a petition containing solely exhausted claims could be stayed. See Calderon v. U.S.D.C. (Taylor), 134 F.3d 981, 984-85 (9th Cir. 1998), citing Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198 (1982). Although Rhines somewhat limited the court's discretion in granting stays pending exhaustion of state court remedies for unexhausted claims, it is not the case that a stay of an exhausted petition could not continue to occur post-Rhines. See Jackson v. Roe, 425 F.3d 654, (9th Cir. 2005) (finding that Rhines applies to stays of mixed petitions, while three-step stay-and-abeyance procedure approved in Taylor continues to apply to fully exhausted petitions, requiring additional steps).[2] Pace v. Diguglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1813 (2005) (prisoner may file "protective" petition in federal court seeking stay and abeyance until state court remedies are exhausted). In this case, without the first amended petition, the court could have applied the three-step procedure in considering the motion to stay with respect to the original pro se petition setting forth only exhausted claims. However, in any event, although tardily, petitioner has filed a first amended petition, as of January 11, 2007, setting forth the exhausted claims and one additional unexhausted claim (no. 4), and the court may consider whether to recommend a stay of this mixed petition.

What constitutes good cause has not been precisely defined except to indicate at the outer end that petitioner must not have engaged in purposeful dilatory tactics, Rhines, supra, 125 S. Ct. at 1535, and that "extraordinary circumstances" need not be found. Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir. 2005). See Rhines, supra, at 1536 (Stevens, J., concurring) (the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary pro se prisoner." (Internal citation omitted); see also, id., (Souter, J., concurring) (pro se habeas petitioners do not come well trained to address tricky

---

[2] The three steps include: (1) amendment by petitioner of mixed petition to remove unexhausted claims; (2) district court stays and holds in abeyance amended fully exhausted petition; (3) petitioner re-amends petition to add newly-exhausted claims following state court litigation. Robbins v. Carey, 481 F.3d 1143, 1148-1149 (9th Cir. 2007), overruling Kelly v. Small, 481 F.3d 1143 (9th Cir. 2003) and its progeny, to the extent that Kelly had held that district courts are required sua sponte to consider whether stay and abeyance procedure should apply.

exhaustion determinations).

Respondent also challenges the new claim as patently meritless. Respondent argues that the evidence petitioner challenges in his unexhausted claim was deemed harmless by the state court of appeal and that that finding is entitled to deference under AEDPA; that a state court ruling is ordinarily not subject to habeas review; that petitioner cannot show the evidence prejudiced him; that an objection raised based on Cal. Evid. Code § 1150 would have been baseless; that the new claim is time-barred. Respondent cites relevant authority, inter alia, Estelle v. McGuire, 502 U.S. 62, 112 S. Ct. 475 (1991); Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Mayle v. Felix, 545 U.S. 644, 125 S. Ct. 2562 (2005). Opp., pp. 22-27.

However, the undersigned will not resolve the merits of the petition, or a potential defense, in determining the threshold issue of good cause for an exhaustion stay. Rather, for a satisfactory showing of good cause, the court will simply require a prima facie cause that a justifiable, legitimate reason exists which warrants the delay of federal proceedings while exhaustion occurs. In this case, the court will find that petitioner has made out such a prima facie case, with regard to claim 4, at this time pending before the state supreme court for several months. Respondent is in no way foreclosed from raising arguments set forth in the opposition to the motion to stay upon the lifting of any stay imposed. In recommending a stay pending exhaustion, should the stay be imposed, petitioner's counsel is cautioned that he will be strictly obliged to timely inform this court of the decision by the state supreme court.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's December 3, 2005, motion for a stay be granted, and that, should a stay be imposed, petitioner be directed to inform the court within thirty days of the filing of a decision in the matter now pending before the state supreme court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 8/14/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
pier1622.mts