IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK ANDREW PIERCE,

    Petitioner,             No. 2:06-cv-01622-NRS

   vs.

DARREL ADAMS, Warden,

    Respondents.        <u>ORDER</u>

     Petitioner, a state prisoner, has timely filed a notice of appeal of this court's January 5, 2010 denial of his application for a writ of habeas corpus. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

     "To obtain a COA under [28 U.S.C.] § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right . . . ." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). A habeas prisoner satisfies this requirement by showing that reasonable jurists could debate whether the habeas claims should have been resolved in a different manner. *Id*. The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

1

Where, as here, the petition was decided on the merits of the issues, a certificate of appealability should issue if the petitioner can show that reasonable jurists could debate whether the state adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). After careful review of the entire record, this court finds that petitioner has not satisfied the standard for issuance of a certificate of appealability.

Petitioner seeks a certificate of appealability on the following issues: (1) whether he was deprived of his Sixth Amendment right to confrontation, and his Fourteenth Amendment right to due process of law, when the trial court allowed the victim to testify about comments that the jurors in Petitioner's North Carolina trial made to the victim after trial; (2) whether he was deprived of his Sixth and Fourteenth Amendment rights to the effective assistance of both trial and appellate counsel in the state proceedings; and (3) whether he was deprived of due process of law, when the trial court allowed testimony that Petitioner's step-father molested Petitioner's sister. Because Petitioner is unable to demonstrate that reasonable jurists would find it debatable whether the state adjudication of these issues satisfies the standard articulated above, a certificate of appealability should not issue in this action.

I. Whether Petitioner was deprived of his Sixth Amendment right to confrontation, and his Fourteenth Amendment right to due process of law, when the trial court allowed the victim to testify about comments that jurors in Petitioner's North Carolina trial made to the victim after trial.

Pierce has not carried his burden of demonstrating that reasonable jurists would find it debatable whether he should be granted relief on this issue, either as to his Confrontation Clause claim or his Due Process Clause claim. Pierce's claim for relief was that the decision of the California Court of Appeal was "contrary to, or an unreasonable application of," Supreme Court precedent. *Request for Certificate of Appealability* 9. To prevail on a habeas petition, under the

"contrary to" clause, Pierce must show that the California Court of Appeal "applie[d] a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or show that the California Court of Appeal "confront[ed] a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrive[d] at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).

In his argument on the alleged Confrontation Clause violation, Pierce cites *Crawford v. Washington*, 541 U.S. 36 (2004), as establishing that such a violation occurred. He then proceeds to discuss the inefficacy of limiting instructions, citing *Bruton v. United States*, 391 U.S. 123 (1968), as well as numerous California state court decisions and opinions of our sister circuits. Pierce's argument is without merit. *Crawford* explicitly states that the Confrontation Clause does not bar statements offered "for purposes other than establishing the truth of the matter asserted." 541 U.S. at 59 n.9. This appears to be clear authority that a Confrontation Clause violation *did not* occur; thus, *a fortiori*, it is not clearly established federal law that a violation *did* occur.

Pierce also argues that his right to due process of law was violated, because the jurors' statements constituted impermissible vouching, rendering his trial fundamentally unfair. *Request for Certificate of Appealability* 12. He cites *United States v. Young*, 470 U.S. 1 (1985), and *Caldwell v. Mississippi*, 472 U.S. 320 (1985), as authority for his position. *Request for Certificate of Appealability* 9. To prevail on this argument, Pierce must first establish (a) that statements of another, not offered for the truth of the matter asserted, constitute vouching, and (b) that statements made after trial by a former juror constituted "juror vouching." Even if Pierce established these premises, neither of the Supreme Court cases he cited discuss when "juror vouching" constitutes a constitutional violation. Thus, neither case can be said to "clearly establish" a standard as to this issue.

Finally, Pierce argues that the California Court of Appeal applied the wrong "harmless error" test in its review of his vouching claim. However, the California Court of Appeal did not

deny Pierce's appeal as to this issue on harmless error grounds.  Rather, the Court of Appeal denied his claim on the grounds that he had not established vouching, and then proceeded, *in arguendo*, to find any error harmless.  *People v. Pierce*, No. C044205, 2005 WL 1230783 at *6–7 (Cal. Ct. App. May 23, 2005), *rev'd for resentencing, Pierce v. Adams*, No. 2:06-cv-01622-NRS, 2010 WL 95244 (E.D. Cal. Jan. 6, 2010) (this court's order that is now appealed).  Further, Petitioner has not provided this court with any clearly established federal law, as determined by the Supreme Court, that is contrary to the Court of Appeal's opinion.

This court finds that Pierce has not met his burden of demonstrating that reasonable jurors would find it debatable whether Petitioner was entitled to relief as to this issue.  Therefore, his request for a certificate of appealability on this issue is DENIED.

II.  Whether Petitioner was deprived of his Sixth and Fourteenth Amendment rights to the effective assistance of both trial and appellate counsel in the state proceedings.

Pierce has not carried his burden of demonstrating that reasonable jurists would find it debatable as to whether he should be granted relief based upon the assistance of counsel.  Petitioner concedes that he must establish that this claim "relates back" to Claim I, or else it is time-barred.  Because Pierce raises a new claim, and because the dispositive facts of that claim differ from Claim I, this court held that he was time-barred as to Claim II.  Petitioner has offered no evidence or authority which, in this court's opinion, call its ruling into doubt.  Nevertheless, this court also ruled on the merits of Claim II, finding Pierce did not establish grounds for relief.  Petitioner does not cite a single authority supporting his request for a certificate of appealability as to this court's ruling on the merits.

This court finds that Pierce has not met his burden of demonstrating that reasonable jurors would find it debatable whether Petitioner was entitled to relief as to this issue.  Therefore, his request for a certificate of appealability on this issue is DENIED.

III.  Whether he was deprived of due process of law, when the trial court allowed testimony that Petitioner's step-father molested Petitioner's sister.

Pierce has not carried his burden of demonstrating that reasonable jurists would find it

debatable whether he should be granted relief based upon the trial court's admission of testimony that his step-father molested Petitioner's sister. In its ruling on this issue, this court found that, in order to grant relief based upon a state evidentiary ruling, Pierce must establish that the ruling necessarily prevented a fair trial. *See Windham v. Merkle*, 163 F.3d 1092, 1103 (9th Cir. 1998). Petitioner does not cite a single ruling of the Supreme Court supporting his argument that this ruling rendered the trial *necessarily* unfair.

Having not cited any authority for this court to consider, Pierce has not carried his burden of demonstrating that reasonable jurors would find it debatable whether Petitioner was entitled to relief as to this issue. Therefore, his request for a certificate of appealability on this issue is DENIED.

Accordingly, Pierce's Request for a Certificate of Appealability for Claims I, II, and III is DENIED as to all claims.

IT IS SO ORDERED.

DATED: **January 28, 2010**

_____
Honorable N. Randy Smith
Ninth Circuit Court of Appeals Judge

/